Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 7164 | DATE | 5/3/2002 |
| CASE TITLE | Teresa LeClercq, et vs. The Lockformer Company, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant Lockformer's Motion to Strike is DENIED. Lockformer's Motion for Summary Judgment is GRANTED as to Counts II and III and DENIED as to Counts I and VII.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 6 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 253 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| WAP | courtroom deputy's initials | 02 MAY -3 PM 5:25 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED MAY 6 - 2002
MAY - 3 2002
Judge Harry D. Leinenweber
U. S. District Court

TERESA LeCLERCQ, AL LeCLERCQ,
individually, and on behalf of
all persons similarly
situated,

        Plaintiffs,

v.

THE LOCKFORMER COMPANY, a
division of MET-COIL SYSTEMS
CORPORATION, a Delaware
corporation, MESTEK, INC., a
Pennsylvania corporation, and
HONEYWELL INTERNATIONAL, INC.,
a Delaware corporation,

        Defendants.

Case No. 00 C 7164

Hon. Harry D. Leinenweber

### MEMORANDUM OPINION AND ORDER

Plaintiffs Teresa LeClercq and Al LeClercq, individually and on behalf of a class of similarly situated persons (the "Plaintiffs"), bring this class action against Defendants, The Lockformer Co. ("Lockformer"), Met-Coil Systems Corp. ("Met-Coil"), Mestek, Inc. ("Mestek")(collectively, "the Lockformer Defendants"), seeking entitlement to cost recovery pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a)(Count I and X), the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a) (Counts II, III, IV and V), and alleging negligence (Count VI), private nuisance (Count VII), trespass (Count VII), and

253

willful and wanton misconduct (Count IX). Before the Court is Lockformer's Motion for Summary Judgment pursuant to FED.R.CIV.P. 56 and Lockformer's Motion to Strike Plaintiffs' Statement of Material Facts in Opposition to Lockformer's Motion for Summary Judgment.

**BACKGROUND**

Lockformer existed as an Illinois corporation from about December 6, 1946 until October 2000 when it merged with, and became a division of, Met-Coil. Since about June 2000, Mestek has owned or operated Lockformer and Met-Coil. Lockformer operates a manufacturing facility located at 711 Ogden Avenue in Lisle, Illinois, and Met-Coil owns property directly adjacent to the Lockformer property. Plaintiffs own and reside on property located directly south of the Lockformer and Met-Coil properties. Plaintiffs rely solely on private wells as the source of water for their homes.

At all relevant times, Lockformer maintained a metal fabrication business at the Lisle facility, and as part of that business Lockformer maintained a metal degreasing operation. Beginning in 1968 and continuing through at least 1997, Lockformer's degreaser utilized chlorinated solvents, including trichloroethylene ("TCE"). Plaintiffs allege that the TCE was stored in a rooftop storage tank and that when the rooftop tank was filled, solvents, including TCE, spilled directly onto the ground. Plaintiffs contend that the hazardous substances released from the

Lockformer property have migrated and continue to migrate in liquid and vapor form in a southerly direction toward Plaintiffs' homes, contaminating the soil, groundwater, and domestic water supply in the area. Plaintiffs further allege that Lockformer has known for many years of this threat to Plaintiffs and has intentionally and knowingly failed to notify Plaintiffs of these threats. Plaintiffs allege that Lockformer's negligent acts and omissions include improper handling, storage, use, disposal, investigation and cleanup of the hazardous substances, and improper maintenance and operation of equipment using TCE and other hazardous substances. Lockformer now moves for summary judgment on Count I (CERCLA), Counts II and III (RCRA), and Count VII (Private Nuisance). Lockformer also seeks summary judgment as to "non-impacted" class members or, in the alternative, modification of the certified class.

## **MOTION FOR SUMMARY JUDGMENT**

### *Standard*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The court must "review the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's

favor." *Vanasco v. National-Louis University*, 137 F.3d 962, 964 (7th Cir. 1998). Nevertheless, the party who bears the burden of proof on an issue may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact that requires trial. *Warsco v. Preferred Technical Group*, 258 F.3d 557, 563 (7th Cir. 2001). A genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), or by "some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. "If the evidence [offered by the nonmoving party] is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50.

## DISCUSSION

### *Motion to Strike*

Lockformer moves to strike Plaintiffs' Statement of Material Facts submitted in Opposition to Lockformer's Motion for Summary Judgment. Lockformer contends that this Court should strike Plaintiffs' Statement in its entirety because it "appears to attempt to establish plaintiffs' entire liability case . . . [and] is improper." Whatever Plaintiffs Statement might "appear to

attempt to establish," the facts enumerated by Plaintiffs in their Statement are generally relevant to rebutting the contentions raised in Lockformer's motion. Nevertheless, in reaching its ruling, the Court has disregarded any irrelevant or inadmissable portions of Plaintiffs' Local Rule 56.1 submissions. Lockformer's Motion to Strike is denied.

### *"Non-Impacted" Class Members and Modification of the Class*

Lockformer seeks summary judgment as to those it characterizes as "non-impacted" class members or, in the alternative, modification of the certified class. Lockformer characterizes as "non-impacted" those homes in the class area where the well water has not yet tested positive for TCE. However, for purposes of CERCLA liability Plaintiffs need only show that it is more likely than not that the release or threatened release of hazardous substances has occurred, and that the release caused them to incur response costs. *Nutrasweet Co. v. X-L Engineering Corp.*, 933 F.Supp. 1409, 1420 (N.D. Ill. 1996), *aff'd.*, 227 F.3d 776 (7th Cir. 2000). Lockformer offers numerous critiques of Plaintiffs' expert Dr. Ball's opinions on the threat of future contamination throughout the class area. Nowhere in its motion, however, does Lockformer offer testimony of any of its own experts affirmatively stating that there is no threat of widening class-area TCE contamination in the future. Dr. Ball's deposition testimony on the probability of future TCE contamination in wells currently

registering "non-detects" may be open to critique on cross-examination, but Plaintiffs' evidence on this point prevents the Court from entering summary judgment in Lockformer's favor. There remains a genuine issue of fact on the threat of future TCE contamination spreading throughout the class area.

Lockformer's motion for modification of the class to exclude the "non-impacted" members must also be denied at this time. In order to maintain a class action, Plaintiffs must satisfy the requirements of FED.R.CIV.P. 23(a) and (b). *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). Indeed, "the court has a duty to monitor its class decisions in light of the evidentiary development of the case; the court must define, redefine, sub-classify, and decertify as appropriate in response to the progression of the case from assertion to facts." *Hickey v. Great Western Mortgage Corp.*, 1995 WL 121534, *3 (N.D. Ill. Mar. 17, 1995). This Court's order of February 23, 2001 previously defined the Class as those who "own or reside in property that has been impacted, or a threat exists that it will be impacted, by chlorinated solvents released at or from the Lockformer and/or Met-Coil Properties." As stated above, genuine issues of material fact still remain as to the scope and nature of the threat of future contamination within the class area. Modification of the class to exclude those individuals having wells currently registering negative TCE readings is not justified at this time.

### *CERCLA*

Lockformer moves for summary judgment on Count I of Plaintiffs' Third Amended Complaint stating that Plaintiffs recovery of response costs under CERCLA § 107(a)(4)(B) is barred by their failure to comply with the National Contingency Plan ("NCP") as required. Under CERCLA, a person is only liable for private party response costs to the extent that these costs were incurred consistent with the NCP. *See* 42 U.S.C. § 9607(a)(4)(B); 40 C.F.R. § 300.700(c). The NCP requires, *inter alia*, that the proposed clean-up method for which costs will be incurred be submitted for public comment before it is implemented. 40 C.F.R. § 300.700(c)(6). However, initial investigation, site-assessment and monitoring costs are recoverable under § 107(a) of CERCLA irrespective of compliance with NCP requirements. *See PMC, Inc., v. Sherwin-Williams Co.*, 151 F.3d 610, 616-17 (7th Cir. 1998); *Continental Title Co. v. Peoples Gas Light and Coke Co.*, 1999 WL 753933, *3 (N.D. Ill. Sept. 15, 1999).

A closer question is presented by the issue of whether CERCLA cost recovery for a temporary alternative water supply (bottled water and/or water filtration systems) requires prior public comment and other NCP compliance. This particular issue has not yet been addressed by the Seventh Circuit. Recovery of CERCLA costs associated with a permanent solution to the water contamination problem, such as connection to the municipal water

supply, would undoubtedly be contingent on NCP compliance. However, the costs of bottled water and water filtration systems seems more akin to the preliminary emergency costs associated with the initial period of site investigation and monitoring. Lockformer's motion for summary judgment on Count I is therefore denied.

### *Private Nuisance*

Relying on *In re Chicago Flood Litigation*, 176 Ill.2d 179, 680 N.E.2d 265 (1997), Lockformer contends that Plaintiffs must establish a physical invasion of their property that is perceptible to the senses in order to prevail on a claim for private nuisance. Lockformer's contention is premised on a fundamentally flawed reading of *Chicago Flood*. The *Chicago Flood* litigation arose when tunnels beneath Chicago's business district became flooded with water from the Chicago river. The trial court dismissed the private nuisance claims of those plaintiffs who did not suffer a physical invasion of their property by the flood waters. *Id.* at 277. In affirming this decision, the Illinois Supreme Court reiterated the hornbook rule that "a nuisance is an interference with the interest in the private use and enjoyment of the land, and does not require interference with the possession." *Id.* (quoting Restatement (Second) of Torts § 821D, Comment d, at 101 (1979)). A careful reading of the court's holding makes clear that the invasion must *either* be an obvious physical invasion *or* an invasion

by something otherwise perceptible to the senses. *Id.* at 278. The court distinguishes gross physical invasions from nuisances such as smoke, fumes, dust, vibration or noise produced by the defendant that are more ephemeral in nature but nevertheless results in an invasion of another's use and enjoyment of their property. *Id.*

In the present case, the class area has certainly been physically invaded by a substance that interferes with the property owners' use and enjoyment of the land. The fact that the TCE was not immediately perceptible to the senses or, as Lockformer rather crassly points out, that certain class members stated that their well water "tasted good" is simply irrelevant when there is evidence of actual physical invasion of class area property by TCE. Plaintiffs present substantial evidence of invasion of the use and enjoyment of class area property that is both substantial and unreasonable. *See Nutrasweet Co. v. X-L Engineering Corp.*, 933 F.Supp. at 1424. Lockformer's motion for summary judgment as to Count VII is therefore denied.

### *RCRA Subsection (a)(1)(A)*

Count II of Plaintiffs' Third Amended Complaint alleges violation of RCRA § 6972(a)(1)(A) for "the failure of the Lockformer Defendants to comply with the corrective standards, requirements and regulations effective under RCRA, Subchapter IX and Title 40, Chapter I, Section 280 of the Code of Federal Regulations." Lockformer correctly asserts that it cannot be

liable for RCRA violations predicated on violations of 40 C.F.R. § 280 because that section only applies to owner/operators of underground storage tanks. Plaintiffs' expert Dr. Ball conceded in his deposition testimony that the vapor degreaser vault at Lockformer could not be characterized as an underground storage tank under RCRA. Plaintiffs seek to avoid this obvious defect in the complaint by stating that "[p]laintiffs' tank-related claim is substantially embodied in the report of their expert . . . rather than in their Complaint." Indeed, Dr. Ball's report does reference §§ 40 C.F.R. 260.10, 262.34 and 265.197, the regulations on which RCRA liability could have been properly attributed to Lockformer. However, the fact that Dr. Ball understood that 40 C.F.R. § 280 did not apply to Lockformer does not excuse Plaintiffs' failure to properly plead their RCRA § 6972(a)(1)(A) claim. Accordingly, Lockformer's motion for summary judgment on Count II is granted.

### *RCRA Subsection (a)(1)(B)*

Lockformer also moves for summary judgment on Count III claiming that Plaintiffs' RCRA § 6972(a)(1)(B) claim is barred by 42 U.S.C. § 6972(b)(2)(C)(i) because the State of Illinois has filed an identical action in state court. Plaintiffs offer no argument in opposition. Moreover, the language in § 6972(b)(2)(B) that establishes the jurisdictional bar for RCRA § 6972(a)(1)(B) actions prohibits such actions if the United States EPA is pursuing an action to address the activities which are creating the alleged

endangerment, including EPA actions prosecuted under § 106 of CERCLA. *See* 42 U.S.C. § 6972(b)(2)(B)(i, iv). The EPA has entered such an administrative order against Lockformer pursuant to § 106 of CERCLA. Plaintiffs RCRA § 6972(a)(1)(B) claim is therefore barred and Lockformer's motion for summary judgment on Count III is granted. *See Supporters to Oppose Pollution, Inc. v. Heritage Group*, 973 F.2d 1320, 1323 (7th Cir. 1992).

## CONCLUSION

For the reasons set forth above, Defendant Lockformer's Motion to Strike is DENIED. Lockformer's Motion for Summary Judgment is GRANTED as to Counts II and III and DENIED as to Counts I and VII. **IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: May 3, 2002