Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7164 | **DATE** | 5/6/2002 |
| **CASE TITLE** | Teresa LeClercq vs. The Lockformer Company, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant Honeywell's Motion for Summary Judgment is GRANTED as to Count IV and DENIED as to Counts VI, VII, VIII and IX.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 7 2002 | |
| ✓ | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 261 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 MAY -7 PM 7:54 | | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice   mailing deputy initials | |

MAY 7 - 2002
FILED
MAY - 6 2002
Judge Harry D. Leinenweber
U.S. District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERESA LeCLERCQ, AL LeCLERCQ, individually, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE LOCKFORMER COMPANY, a division of MET-COIL SYSTEMS CORPORATION, a Delaware corporation, MESTEK, INC., a Pennsylvania corporation, and HONEYWELL INTERNATIONAL, INC., a Delaware corporation,<br><br>Defendants. | Case No. 00 C 7164<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Teresa LeClercq and Al LeClercq, individually and on behalf of a class of similarly situated persons (the "Plaintiffs"), bring this class action against Defendants, The Lockformer Co. ("Lockformer"), Met-Coil Systems Corp. ("Met-Coil"), Mestek, Inc. ("Mestek")(collectively, "the Lockformer Defendants") and Honeywell International, Inc. ("Honeywell"), seeking entitlement to cost recovery pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a)(Count I and X), the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a) (Counts II, III, IV and V), and alleging negligence (Count VI),

private nuisance (Count VII), trespass (Count VIII), and willful and wanton misconduct (Count IX). Before the Court is Honeywell's Motion for Summary Judgment pursuant to FED.R.CIV.P. 56.

## BACKGROUND

Lockformer existed as an Illinois corporation from about December 6, 1946 until October 2000 when it merged with, and became a division of, Met-Coil. Since about June 2000, Mestek has owned or operated Lockformer and Met-Coil. Lockformer operates a manufacturing facility located at 711 Ogden Avenue in Lisle, Illinois, and Met-Coil owns property directly adjacent to the Lockformer property. Plaintiffs own and reside on property located directly south of the Lockformer and Met-Coil properties. Plaintiffs rely solely on private wells as the source of water for their homes.

At all relevant times, Lockformer maintained a metal fabrication business at the Lisle facility, and as part of that business Lockformer maintained a metal degreasing operation. Beginning in 1968 and continuing through at least 1997, Lockformer's degreaser utilized chlorinated solvents, including trichloroethylene ("TCE"). The Baron-Blakeslee Company, and later Allied Signal, a predecessor of Honeywell, delivered TCE to the Lockformer facility from 1969 to 1992. Plaintiffs allege that the TCE was stored in a rooftop storage tank and that when the rooftop tank was filled by Honeywell employees, solvents, including TCE,

- 2 -

spilled directly onto the ground. Plaintiffs contend that the hazardous substances released from the Lockformer property have migrated and continue to migrate in liquid and vapor form in a southerly direction toward Plaintiffs' homes, contaminating the soil, groundwater, and domestic water supply in the area. Plaintiffs further allege that Lockformer has known for many years of this threat to Plaintiffs and has intentionally and knowingly failed to notify Plaintiffs of these threats. Plaintiffs allege that Lockformer's negligent acts and omissions include improper handling, storage, use, disposal, investigation and cleanup of the hazardous substances, and improper maintenance and operation of equipment using TCE and other hazardous substances. Honeywell now moves for summary judgment on Count IV (RCRA), Count VI (negligence), Count VII (private nuisance), Count VIII (trespass), and Count IX (willful and wanton misconduct).

## MOTION FOR SUMMARY JUDGMENT

### *Standard*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The court must "review the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's

favor." *Vanasco v. National-Louis University*, 137 F.3d 962, 964 (7th Cir. 1998). Nevertheless, the party who bears the burden of proof on an issue may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact that requires trial. *Warsco v. Preferred Technical Group*, 258 F.3d 557, 563 (7th Cir. 2001). A genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986), or by "some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. "If the evidence [offered by the nonmoving party] is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50.

## DISCUSSION

### *Plaintiffs' Common Law Claims*

Honeywell contends that Plaintiffs have not established whether Honeywell's acts in connection with filling the rooftop tank were the proximate cause of the TCE contamination in the class area. Its argument is based primarily on the fact that Plaintiffs allege independent acts of both Honeywell and Lockformer as contributing, in indeterminate shares, to the TCE contamination in

the class area. While the Illinois law cited by Honeywell correctly states the standards for determining proximate cause, Honeywell's proximate cause argument ignores the body of Illinois law dealing with attribution of indivisible harm to multiple tortfeasors.

The common law doctrine of joint and several liability provides that when two or more individuals tortiously contribute to the same, indivisible injury, each individual may be held jointly and severally liable for the entire injury. *See* W. Keeton, *Prosser & Keeton on Torts* §§ 47, 50-52 (5th Ed. 1984). So, a tortfeasor who acts independently and concurrently with another individual to produce an indivisible injury to a plaintiff may be held jointly and severally liable for that injury, even though the tortfeasor does not act in concert with the other individual and shares no common purpose with them. *Woods v. Cole*, 181 Ill.2d 512, 517, 693 N.E.2d 333, 336 (Ill. 1998). Illinois recognizes that this type of "independent concurring tortfeasor" is not "held liable for the entirety of a plaintiff's injury because he or she is responsible for the actions of the other individuals who contribute to the plaintiff's injury. Rather, an independent, concurring tortfeasor is held jointly and severally liable because the plaintiff's injury cannot be divided into separate portions, and because the tortfeasor fulfills the standard elements of tort liability . . ." *Id.* Contrary to Honeywell's contentions, Illinois does not require

a plaintiff to attribute proper portions of their injury among the joint tortfeasors to establish proximate cause.

In the present case, Plaintiffs can present evidence that TCE was regularly spilled onto the ground during Honeywell's deliveries at the Lockformer site. Lockformer and Honeywell's own records document some of these spills. Plaintiffs' expert has estimated the amount of TCE released by Honeywell at approximately 70,000 pounds. Plaintiffs' expert will also testify as to how the TCE released around the vent pipe spill area could have moved across the Lockformer site and migrated via groundwater into the class area. The exact amount of TCE spilled by Honeywell at the Lockformer site and Plaintiffs' models for TCE migration are vigorously contested by Honeywell. However, Plaintiffs have sufficient evidence from which a reasonable jury could find Honeywell's acts to be a proximate cause of the TCE contamination in the class area.

### *Punitive Damages*

Honeywell next argues that Plaintiffs have no evidence that Honeywell authorized or subsequently ratified the methods by which Honeywell truck drivers filled Lockformer's rooftop tank so as to support an award of punitive damages against Honeywell. Under Illinois law, punitive damages may be awarded when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others. *Kelsay v. Motorola,*

*Inc.*, 74 Ill.2d 172, 186, 384 N.E.2d 353 (1978). The general purpose of punitive damages is not only to punish wrongdoers but also to deter others from engaging in similar conduct. *Id.* This is especially true when the defendant's conduct reflects a flagrant indifference to the public's safety. *See Moore v. Remington Arms Co.*, Inc., 100 Ill. App.3d 1102, 1115, 427 N.E.2d 353, 617 (1981).

Under Illinois' "corporate complicity" rule, a corporation can be held liable for punitive damages under the following circumstances: (1) the principal authorized the doing and the manner of the act, or (2) the agent was unfit and the principal was reckless in employing him, or (3) the agent was employed in a managerial capacity and was acting in the scope of employment, or (4) the principal or managerial agent of the principal ratified or approved the act. *Mattyasovszky v. West Towns Bus Co.*, 61 Ill.2d 31, 36, 330 N.E.2d 509, 512 (Ill. 1975).

Plaintiffs have deposition testimony from several Honeywell drivers establishing that they had informed supervisory personnel of the TCE spillage occurring during deliveries to the Lockformer site. Drawing all reasonable inferences in Plaintiffs' favor, this testimony suggests that the unsafe delivery methods used by the Honeywell drivers was ratified by managerial personnel. There is also evidence suggesting that, after Honeywell's Site Remediation Manager visited the Lockformer site in 1992, Honeywell became fully aware of the threat of TCE contamination to class area well water

but took no action to contact class members or test their well water for contamination. Contrary to Honeywell's assertion, there is evidence of actions by Honeywell which could reasonably be construed as willful and wanton conduct under the corporate complicity rule. The question of whether Honeywell's conduct was sufficiently willful or wanton to justify the imposition of punitive damages is for the jury to decide. *Cirrincione v. Johnson*, 184 Ill.2d 109, 116, 703 N.E.2d 67, 71 (Ill. 1998).

### *RCRA Liability*

Finally, Count IV of Plaintiffs' Third Amended Complaint alleges that Honeywell violated RCRA § 6972(a)(1)(A) for its "failure to comply with the corrective standards, requirements and regulations effective under RCRA, Subchapter IX and Title 40, Chapter I, Section 280 of the Code of Federal Regulations." Honeywell correctly asserts that it cannot be liable for RCRA violations predicated on violations of 40 C.F.R. § 280 because that section only applies to underground storage tanks. Honeywell's deliveries were made to the rooftop storage tank. Even if one accepts the proposition that the rooftop tank and degreaser vault work as one system, Plaintiffs' own expert Dr. Ball conceded in his deposition testimony that the vapor degreaser vault at Lockformer could not be characterized as an underground storage tank under 40 C.F.R. § 280. Plaintiffs offered no arguments on this issue in

their brief. Accordingly, Honeywell's Motion for Summary Judgment on Count IV is granted

## CONCLUSION

For the reasons set forth above, Defendant Honeywell's Motion for Summary Judgment is GRANTED as to Count IV and DENIED as to Counts VI, VII, VIII and IX.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: May 6, 2002