Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7164 | **DATE** | 10/8/2002 |
| **CASE TITLE** | Teresa LeClercq, et al vs. The Lockformer Company, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 19 Nov. 02 at 9:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Motions of Magnetrol International, Inc., Molex Incorporated, and Morey Corporation for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c), and the Motions of Arrow Gear Company, Ames Supply Co., Bison Gear, Flexible Steel Lacing Co., Rexnord Corporation, Tricon Industries, and Linda Manufacturing Company for dismissal of Lockformer's Third-Party Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) are DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 9 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 343 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERESA LeCLERCQ, AL LeCLERCQ, individually, and on behalf of all persons similarly situated,<br><br>              Plaintiffs,<br><br>    v.<br><br>THE LOCKFORMER COMPANY, a division of MET-COIL SYSTEMS CORPORATION, a Delaware corporation, MESTEK, INC., a Pennsylvania corporation, and HONEYWELL INTERNATIONAL, INC., a Delaware corporation,<br><br>              Defendants | Case No. 00 C 7164<br><br>Hon. Harry D. Leinenweber |
| THE LOCKFORMER COMPANY, a division of MET-COIL SYSTEMS CORPORATION,<br><br>       Third-Party Plaintiff,<br><br>    v.<br><br>ARROW GEAR COMPANY, AMES SUPPLY CO., BISON GEAR; DYNAGEAR, INC, FLEXIBLE STEEL LACING CO., MAGNETROL INTERNATIONAL, INC., MOLEX INCORPORATED, MOREY CORPORATION, REXNORD CORPORATION, TRICON INDUSTRIES, and LINDY MANUFACTURING COMPANY,<br><br>       Third-Party Defendants. | **RECEIVED**<br><br>OCT 8 - 2002<br><br>Judge Harry D. Leinenweber<br>U. S. District Court |

343

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Teresa LeClercq and Al LeClercq, individually and on behalf of a class of similarly situated persons (collectively, "Plaintiffs"), brought a class action against The Lockformer Company ("Lockformer"), Met-Coil Systems Corp. ("Met-Coil"), and Mestek, Inc. ("Mestek")(collectively, the "Lockformer Defendants"), alleging, *inter alia*, entitlement to cost recovery pursuant to section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a). On May 3, 2002, the Court granted Plaintiffs' Motion for Partial Summary Judgment, finding the Lockformer property to be a source of environmental contamination discovered in the class area. On May 31, 2002, Lockformer filed a Third-Party Complaint for contribution pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f). Named as Third-Party Defendants are: Arrow Gear Company; Ames Supply Co.; Bison Gear; Dynagear, Inc.; Flexible Steel Lacing Co.; Magnetrol International, Inc.; Molex Incorporated; Morey Corporation; Rexnord Corporation; Tricon Industries; and Lindy Manufacturing Company (collectively, the "Third-Party Defendants"). Before the Court are the motions of Magnetrol International, Inc., Molex Incorporated, and Morey Corporation for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and the motions of Arrow Gear Company, Ames Supply Co., Bison Gear, Flexible Steel Lacing Co., Rexnord Corporation, Tricon Industries, and Lindy Manufacturing Company for

dismissal of Lockformer's Third-Party Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Dynagear, Inc. has not answered or otherwise responded to the Third-Party Complaint.

**BACKGROUND**

Lockformer existed as an Illinois corporation from 1946 until October 2000 when it merged with, and became a division of, Met-Coil. Lockformer operates a manufacturing facility located at 711 Ogden Avenue in Lisle, Illinois, and Met-Coil owns property directly adjacent to the Lockformer property. The Plaintiffs in the underlying action own, and reside on, property located directly south of the Lockformer and Met-Coil properties. The Third-Party Defendants all operate, or formerly operated, businesses in the Ellsworth Industrial Park, which is located just east of the Lockformer site and to the northeast of the class area.

At all relevant times, Lockformer maintained a metal fabrication business at its Lisle facility, and as part of that business Lockformer maintained a metal degreasing operation. Beginning in 1968 and continuing through at least 1997, Lockformer's degreaser utilized chlorinated solvents, including trichloroethylene ("TCE"). Plaintiffs alleged that the TCE was stored in a rooftop storage tank and that when the rooftop tank was filled, solvents, including TCE, spilled directly onto the ground. Plaintiffs also alleged that the hazardous substances released from the Lockformer property migrated in liquid and vapor form in a

southerly direction toward Plaintiffs' homes, contaminating the soil, groundwater, and domestic water supply in the area. Prior to discovering the presence of TCE, class-area residents relied solely on private wells as the source of water for their homes.

On May 3, 2002, the Court granted Plaintiffs' Motion for Partial Summary Judgment, finding Lockformer to be a source of TCE contamination in the class area. On May 22, 2002, Plaintiffs and the Lockformer Defendants entered into a settlement agreement, ending that action. On May 31, 2002, Lockformer filed a Third-Party Complaint for contribution from the Third-Party Defendants pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f). Now before the Court are the motions of Magnetrol International, Inc., Molex Incorporated, and Morey Corporation for judgment on the pleadings pursuant to Rule 12(c) and the motions of Arrow Gear Company, Ames Supply Co., Bison Gear, Flexible Steel Lacing Co., Rexnord Corporation, Tricon Industries, and Lindy Manufacturing Company for dismissal of Lockformer's Third-Party Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

## RULE 12(B)(6) MOTIONS TO DISMISS AND RULE 12 (C) MOTIONS FOR JUDGMENT ON THE PLEADINGS

### *Standards*

In ruling on a Rule 12(b)(6) motion to dismiss, a court must construe all well-pleaded allegations of the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Scheuer*

*v. Rhodes*, 416 U.S. 232, 236 (1974). Motions to dismiss test whether the plaintiff has properly stated a claim upon which relief could be granted, not whether the plaintiff will ultimately prevail on the merits. *Id.* at 236. Generally, consideration of a motion to dismiss is limited to the pleadings. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). A court may, however, also consider "those matters of which the court may take judicial notice." *Gomez v. Ill. State Bd. of Ed.*, 811 F.2d 1030, 1039 (7th Cir. 1987).

Rule 12(c) permits a judgment on the pleadings alone. *Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). As with a Rule 12(b)(6) motion, the court may, when ruling on a Rule 12(c) motion, consider "any facts of which the court will take judicial notice." 5A Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 1367, at 510 (2d ed. 1990).

### DISCUSSION

### *Appropriateness of Considering Defendants' Motions under Rule 12(b)(6) and 12(c)*

Although the Third-Party Defendants chose different vehicles for the relief they seek, all put forward the same basic argument: findings of fact allegedly made in this Court's order of May 3, 2002 preclude Lockformer from pursuing its present action for CERCLA indemnification against the Third-Party Defendants. As an initial matter, Lockformer contends that, because Third-Party

*v. Rhodes*, 416 U.S. 232, 236 (1974). Motions to dismiss test whether the plaintiff has properly stated a claim upon which relief could be granted, not whether the plaintiff will ultimately prevail on the merits. *Id.* at 236. Generally, consideration of a motion to dismiss is limited to the pleadings. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). A court may, however, also consider "those matters of which the court may take judicial notice." *Gomez v. Ill. State Bd. of Ed.*, 811 F.2d 1030, 1039 (7th Cir. 1987).

Rule 12(c) permits a judgment on the pleadings alone. *Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). As with a Rule 12(b)(6) motion, the court may, when ruling on a Rule 12(c) motion, consider "any facts of which the court will take judicial notice." 5A Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 1367, at 510 (2d ed. 1990).

### DISCUSSION

### *Appropriateness of Considering Defendants' Motions under Rule 12(b)(6) and 12(c)*

Although the Third-Party Defendants chose different vehicles for the relief they seek, all put forward the same basic argument: findings of fact allegedly made in this Court's order of May 3, 2002 preclude Lockformer from pursuing its present action for CERCLA indemnification against the Third-Party Defendants. As an initial matter, Lockformer contends that, because Third-Party

Defendants' motions rely on materials outside the pleading at issue, it would be inappropriate to consider or rule on these motions under either Rule 12(b)(6) or 12(c). Lockformer is correct in its characterization of this general rule. *See Car Carriers, Inc.*, 745 F.2d at 1107. The courts, however, "have crafted a narrow exception to this rule to permit a district court to take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). When invoking this exception, courts frequently employ judicial notice to take notice of the contents of court records. *Id.* at 1081-83. This may include a court taking judicial notice of a finding of fact it made in a prior proceeding. *Id.* So long as "the finding taken from the prior proceeding is not subject to reasonable dispute, then the court has satisfied the evidentiary criteria for judicial notice." *Id.* at 1082 (citation omitted). The motions of the Third-Party Defendants will therefore not be converted to motions for summary judgment and will be decided as presented.

### *"Findings of Fact" from the Prior Proceeding*

Third-Party Defendants do not contest that the operative finding of the May 3, 2002 order, as further clarified in open court on May 22, 2002, was simply that Plaintiffs had established, by a preponderance of the evidence, that the Lockformer site was a *source* of the TCE contamination found in the class area. Rather,

Third-Party Defendants offer two bases for their motions: (1) the Court's purported "findings" regarding regional groundwater flow and (2) the Court's evaluation of suggestions made by a Lockformer expert regarding the possibility that the Ellsworth Industrial Park might also be a source of the TCE contamination in the class area.

As indicated above, "the application of a previous finding to a latter proceeding must be beyond reasonable dispute before a court may take judicial notice." *Gen. Elec. Capital Corp.*, 128 F.3d at 1083. In this instance, the Court does not believe the findings contained in its May 3, 2002 order to be applicable through judicial notice so as to bar Lockformer's current third-party action. The issue before the Court in the prior proceeding was simply whether Plaintiffs had established that Lockformer was a source of class area contamination. The Court's ultimate finding that Lockformer was "a source" of class area contamination was based solely on the Court's evaluation of evidence regarding the movement of groundwater *between the Lockformer site and the class area*. The Court did state, in *dicta*, that the evidence before it at that time was insufficient to establish that the Ellsworth Industrial Park was a source of class area contamination. The Court did not, however, make any categorical ruling excluding this possibility, and certainly made no affirmative finding of fact that TCE could not migrate via groundwater or otherwise from the Ellsworth Industrial Park to the class area. Lockformer's burden in the prior action was simply to show that *its* site could not be

the source of TCE in the class area. In defending against Plaintiffs' claims, it was not Lockformer's burden, as it will be in this action, to prove that businesses located in the Ellsworth Industrial Park contributed to the TCE contamination in the class area. Accordingly, nothing in the Court's May 3, 2002 order was directed toward offering a conclusive finding of fact on that issue.

**CONCLUSION**

For the foregoing reasons, the Motions of Magnetrol International, Inc., Molex Incorporated, and Morey Corporation for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), and the Motions of Arrow Gear Company, Ames Supply Co., Bison Gear, Flexible Steel Lacing Co., Rexnord Corporation, Tricon Industries, and Lindy Manufacturing Company for dismissal of Lockformer's Third-Party Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) are DENIED.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: October 8, 2002