Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7164 | **DATE** | 12/31/2003 |
| **CASE TITLE** | Teresa LeClercq, et al vs. The Lockformer Company, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Third-Party Defendants' motion to suppress portions of an expert report submitted by Met-Coil Systems Corporation is granted in pat and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 2 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 488 |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | 03 DEC 31 PM 3: 0 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERESA LeCLERCQ, AL LeCLERCQ, individually, and on behalf of all persons similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>THE LOCKFORMER COMPANY, a division of MET-COIL SYSTEMS CORPORATION, a Delaware corporation, MESTEK, INC., a Pennsylvania corporation, and HONEYWELL INTERNATIONAL, INC., a Delaware corporation,<br><br>　　　　Defendants.<br><hr>THE LOCKFORMER COMPANY, a division of MET-COIL SYSTEMS CORPORATION,<br><br>　　　　Third-Party Plaintiff,<br><br>　v.<br><br>ARROW GEAR COMPANY, AMES SUPPLY CO., BISON GEAR; DYNAGEAR, INC, FLEXIBLE STEEL LACING CO., MAGNETROL INTERNATIONAL, INC., MOLEX INCORPORATED, MOREY CORPORATION, REXNORD CORPORATION, TRICON INDUSTRIES, and LINDY MANUFACTURING COMPANY,<br><br>　　　　Third-Party Defendants,<br><br>　v.<br><br>DOWNERS GROVE SANITARY DISTRICT, et al.,<br><br>　　　　Fourth-Party Defendants. | FILED<br>DEC 3 1 2003<br>JUDGE HARRY D. LEINENWEBER<br>U.S. DISTRICT COURT JUDGE<br><br>DOCKETED<br>JAN - 2 2004<br><br><br>Case No. 00 C 7164<br><br>Hon. Harry D. Leinenweber |

488

# MEMORANDUM OPINION AND ORDER

Third-Party Defendant, Molex Incorporated, and other Third-Party Defendants (collectively, "Third-Party Defendants") move to suppress portions of an expert report submitted by Met-Coil Systems Corporation (hereinafter, "Met-Coil"). For the reasons stated below, Third-Party Defendants' motion is granted in part and denied in part.

## I. BACKGROUND

Met-Coil faced two class-actions against it and its subsidiary The Lockformer Company, the *LeClercq* and *Mejdrech* cases, for damages resulting from trichloroethylene ("TCE") pollution suffered by class-members. Rather than proceed to a trial verdict, Met-Coil settled each case. Met-Coil now demands contribution for the settlement pay out from Third-Party Defendants, alleging that they share responsibility for the troublesome pollution. Originally, Met-Coil based its case against Third-Party Defendants on three theories of liability: a "St. Joseph Creek pathway theory," a "groundwater theory," and a "sewer line theory." In an August 27, 2003 Order, this Court limited Met-Coil to presenting only the "sewer line" theory in the *LeClercq* action. In a December 17, 2003 order, this Court consolidated the *LeClercq* and *Mejdrech* cases into a single action.

Met-Coil now seeks to submit the expert report of Dr. Ronald St. John, which concerns Third-Party Defendants' liability for pollution in the *LeClercq* class area. Third-Party Defendants object to seven of the nine opinions in the report (IV.1, IV.2, IV.5, IV.6, IV.7, V.1, and V.2) claiming these portions do not relate to the permissible sewer

line theory. In response, Met-Coil admits that Opinions IV.6 and IV.7 do not pertain to the sewer line theory, but insists that the remaining portions go directly to showing the culpability of Third-Party Defendants through a leaking Downers Grove Sanitary District (hereinafter, "DGSD") sewer line.

### A. Opinions No. IV.1, IV.2

Opinions No. IV.1 and IV.2 discuss the use and disposal of TCE at Third-Party Defendants' facilities. Opinion No. IV.1 concerns the use of TCE, tetrachloroethene ("PCE"), and 1,1,1-trichloroethane ("TCA") at Third-Party Defendants' property inside the Ellsworth Industrial District. Opinion No. IV.2 describes how, for several decades, Third-Party Defendants discharged waste products into a DGSD treatment plant in the northwest corner of the Ellsworth Industrial Park. This opinion concludes that it is "likely" that these discharges included TCE, PCE, and TCA.

Third-Party Defendants note that this Court's August 27 order prevented Met-Coil from presenting "any expert testimony of any kind . . . other than expert testimony on the sole and limited issue of a leaking Downers Grove Sanitary District sewer line." Since Third-Party Defendants believe that testimony regarding their use of TCE at Ellsworth does not concern the "sole and limited issue" of a leaking sewer line, they seek to exclude it.

In doing so, Third-Party Defendants interpret this Court's ruling too broadly. To prove its claims of Third-Party Defendants' liability, Met-Coil must establish two things: that Third-Party Defendants used

- 3 -

TCE, and that this TCE contaminated the *LeClercq* class-area. To show the latter, Met-Coil must demonstrate *how* TCE from Third-Party Defendants' Ellsworth site wound up in the *LeClercq* area, *i.e.*, the existence of a "contamination pathway." The Court's August 27 ruling simply limited Met-Coil to one acceptable theory of a contamination pathway, a leaking DGSD sewer line, thereby excluding the St. Joseph's Creek and groundwater theories.

The Court did not intend to prevent Met-Coil from doing everything required to show Third-Party Defendants' liability under this theory. As noted above, this certainly includes establishing that the pollution originated with Third-Party Defendants. Therefore, information and expert testimony concerning Third-Party Defendants use and disposal of TCE is unquestionably relevant to the "sole and limited issue" of a leaking sewer line. After all, a sewer line cannot "leak" without being filled first. Therefore, Third-Party Defendants' motion with respect to IV.1 and IV.2 is denied.

### B. Opinion No. IV.5

Opinion No. IV.5 discusses Environmental Protection Agency investigations of the Ellsworth site. It concludes that there is "widespread TCE, PCE, and TCA contamination of these surface water migration pathways." Met-Coil argues that this relates to the sewer line theory by proving that Third-Party Defendants used chlorinated solvents.

However, assuming that Met-Coil's expert testimony is convincing, then Opinions No. IV.1 and IV.2 should already establish Third-Party

Defendants use and disposal of TCE, PCE, and TCA. Therefore, for that purpose, Opinion No. IV.5 appears redundant. Conversely, the Court's admittedly limited scientific expertise cannot fathom how "surface water migration pathways" concern the sewer line theory. Rather, the existence (or non-existence) of such pathways seems more relevant to the excluded St. Joseph's Creek and groundwater theories. Therefore, Third-Party Defendants' motion with respect to Opinion IV.5 is granted.

### C. Opinions No. V.1 and V.2

In Opinion No. V, Dr. St. John concludes that Third-Party Defendants bear 93% of the responsibility for the contamination of the *LeClercq* class area. Opinion No. V.1 allocates fault based on groundwater characteristics, while Opinion No. V.2 assigns responsibility according to the use of hazardous substances. Third-Party Defendants wish to strike Opinion No. V in its entirety on the grounds that it does not concern the "sole and limited issue of a leaking Downers Grove Sanitary District sewer line."

Although the Court rejects Third-Party Defendants' reasoning, it nevertheless grants their request. As noted above, the Court intended its August 27 ruling to restrict only the acceptable theories Met-Coil could proceed under, not inhibit its ability to present a substantive case. Thus, in theory, Met-Coil has every right to allocate a percentage of fault to Third-Party Defendants based on a sewer-line theory.

The problem here is that, in Opinion No. V.1, Dr. St. John appears to have assigned relative fault based on a combination of the

- 5 -

permissible sewer-line theory and the impermissible St. Joseph Creek theory. Dr. St. John reaches the "conclusion that the DGSD pipeline and/or St. Joseph Creek is *the source* of this additional contaminant mass." Indeed, Dr. St. John infers his belief in a St. Joseph Creek theory four times throughout Opinion No. V.1. Although this Court tried to permit testimony based solely on the sewer-line theory to stand, the Court cannot separate Dr. St. John's wheat from his chaff. It is impossible for this Court to tell what percentage of fault Dr. St. John assigns based exclusively on the sewer-line theory. Therefore, the Court grants Third-Party Defendants' motion to strike Opinion No. V's prologue and Opinion No. V.1.

Opinion No. V.2 is a different matter. Indeed, Opinion No. V.2 reaches no conclusion at all, other than to state that "appropriate data are not available to make an equitable allocation of contribution based solely on the quantity fo hazardous substance use by the various parties." Accordingly, Opinion No. V.2 does not refer or relate to any impermissible theory. Thus, the Court denies Third-Party Defendants' motion with respect to Opinion No. V.2.

## CONCLUSION

For the reasons stated herein, Third-Party Defendants' motion is granted in part and denied in part as follows:

1. Third-Party Defendants' motion with respect to IV.1 and IV.2 is denied.

2. Third-Party Defendants' motion with respect to IV.5 is granted.

3. Third-Party Defendants' motion to strike Opinion No. V's prologue and Opinion No. V.1 is granted.

4. Third-Party Defendants' motion with respect to Opinion No. V.2 is denied.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: December 3, 2003